1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Angela C. Agrusa (Bar No. CA-131337)
*angela.agrusa@us.dlapiper.com*
Shannon E. Dudic (Bar No. CA-261135)
*shannon.dudic@us.dlapiper.com*
Alexis N. Burgess (Bar No. CA-279328)
*alexis.burgess@us.dlapiper.com*
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:    310.595.3000
Fax:    310.595.3300

Attorneys for Defendant
G6 HOSPITALITY LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.R., an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>G6 HOSPITALITY LLC; MARRIOTT INTERNATIONAL, INC.,<br><br>                    Defendants. | Case No.:  3:19-cv-08252-VC<br><br>**G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: December 19, 2019 |

Defendant G6 Hospitality LLC (erroneously sued as G6 Hospitality, LLC) ("G6"), by and through its undersigned counsel, responds to Plaintiff K.R.'s ("Plaintiff") First Amended Complaint, as follows:

**<u>INTRODUCTION</u>**

1.      Paragraph 1 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 1 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 as they pertain to Defendant Marriott International, Inc. ("Marriott") and, on that basis, denies them.

2.      Paragraph 2 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 2 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 as they pertain to Marriott and, on that basis, denies them.

3.      Paragraph 3 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 3 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 as they pertain to Marriott and, on that basis, denies them.

4.      Paragraph 4 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that Plaintiff has filed this action seeking damages under the TVPRA, among other theories.  G6 further admits that Plaintiff seeks to proceed under her initials, K.R.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and, on that basis, denies them.

5.      G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies them.

6.      Paragraph 6 consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 admits that Plaintiff brings this action for damages.  Except as expressly admitted, G6 denies all of the allegations in paragraph 6 as they

pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 as they pertain to Marriott and, on that basis, denies them.

7.      G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies them.

8.      Paragraph 8 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 8 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies them.

9.      Paragraph 9 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that Plaintiff brings this action pursuant to the TVPRA, among other theories.  Except as expressly admitted, G6 denies all of the allegations in paragraph 9 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 as they pertain to Marriott and, on that basis, denies them.

10.      Paragraph 10 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the Complaint identifies Plaintiff by the initials K.R., only. G6 further admits that it does not presently oppose Plaintiff's request to proceed under pseudonym status, but reserves its right to do so as discovery unfolds. Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies them.

11.      Paragraph 11 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 or its subparts and, on that basis, denies them.

12.      G6 admits that it is a Delaware limited liability company with its headquarters in Carrollton, Texas.  G6 further admits that there are more than 1,400 Motel 6® branded guest lodging facilities in the United States and Canada, some of which are owned and operated by G6, while others are independently owned and operated by third parties pursuant to franchise agreements

specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with such documents. Except as expressly admitted or denied, G6 denies all allegations in paragraph 12.

    a.    G6 admits that some Motel 6® branded guest lodging facilities are owned and operated by G6 and others are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with such documents. Except as expressly admitted or denied, G6 denies all allegations in paragraph 12(a).

    b.    G6 admits that, since October 2012, it has established the training and policies for the guest lodging facility located at 8480 Edes Avenue in Oakland (Motel 6 Oakland Airport). G6 further admits that, since October 2012, the contractual relationships between G6 and the independent owners of certain other Motel 6® branded hotels have been governed by franchise agreements that speak for themselves, and G6 denies any allegations that are inconsistent therewith. G6 further denies that it owned, controlled, or operated the Motel 6 Oakland Airport at any point prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 12(b).

    c.    G6 admits that it considers guest safety and security important and requires all Motel 6® branded properties to comply with certain standards as well as all applicable laws.  Except as expressly admitted, G6 denies all of the allegations in paragraph 12(c).

    d.    Paragraph 12(d) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 12(d).

    e.    G6 admits that, since October 2012, it has received revenue from the Motel 6® branded hotels that it operates.  G6 further admits that its contractual relationships with the independent owners and operators of certain Motel 6®

branded properties not at issue in Plaintiff's complaint are governed by franchise agreements that speak for themselves, and G6 denies any allegations inconsistent therewith. G6 further denies that it received revenue from the Motel 6 Oakland Airport or any other Motel 6® branded hotel prior to October 2012. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12(e) and, on that basis, denies them.

f.    G6 admits it has owned and operated the Motel 6 Oakland Airport since October 2012. Except as expressly admitted, G6 denies all of the allegations of paragraph 12(f).

g.    Paragraph 12(g) consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 admits that it owns and operates guest lodging facilities in California and that it does not dispute this Court's personal jurisdiction. Except as expressly admitted, G6 denies the allegations of paragraph 12(g).

13.    Paragraph 13 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 13 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 concerning Marriott and, on that basis, denies them.

## JURISDICTION AND VENUE

14.    Paragraph 14 consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 does not dispute the subject matter jurisdiction of this Court over this lawsuit. Except as expressly admitted, G6 denies the allegations of paragraph 14.

15.    Paragraph 15 consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 admits that this is a civil action alleging violations of federal law. Except as expressly admitted, G6 denies all of the allegations of paragraph 15.

G6 HOSPITALITY LLC'S ANSWER

WEST\289905770.3

16.     Paragraph 16 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that it does not dispute the subject matter jurisdiction of this Court.  Except as expressly admitted, G6 denies all of the allegations in paragraph 16.

17.     Paragraph 17 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 does not dispute that venue in this Court is proper.  Except as expressly admitted, G6 denies all of the allegations in paragraph 17.

18.     Paragraph 18 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 does not dispute that venue in this Court is proper.  Except as expressly admitted, G6 denies all of the allegations in paragraph 18.

19.     Paragraph 19 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 does not dispute that venue in this Court is proper.  Except as expressly admitted, G6 denies all of the allegations in paragraph 19 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 as they pertain to Marriott and, on that basis, denies them.

20.     Paragraph 20 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 does not dispute that venue in this Court is proper.  Except as expressly admitted, G6 denies all of the allegations in paragraph 20 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 as they pertain to Marriott and, on that basis, denies them.

## SEX TRAFFICKING UNDER FEDERAL LAW

21.     Paragraph 21 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 is a federal statute that speaks for itself. G6 denies all characterizations of such statute that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations in paragraph 21.

22.     Paragraph 22 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 and 18

G6 HOSPITALITY LLC'S ANSWER

U.S.C. § 1591 are federal statutes that speak for themselves.  G6 denies all characterizations of such statutes that are inconsistent therewith.   Except as expressly admitted, G6 denies all of the allegations in paragraph 22.

23.     Paragraph 23 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1591(a) is a federal statutes that speaks for itself.   G6 denies all characterizations of such statutes that are inconsistent therewith.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies them.

## **FACTUAL ALLEGATIONS[1]**

24.     Paragraph 24 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris Project publication cited in paragraph 24 is a document that speaks for itself, and G6 denies any characterization of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the quoted material and, on that basis, denies it.

25.     G6 admits that it has received certain information from the Polaris Project after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 25 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 as they pertain to Marriott and, on that basis, denies them.

26.     G6 admits that it has received certain publically available information regarding human trafficking after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 26 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 as they pertain to Marriott and, on that basis, denies them.

---

[1] This Answer omits the subheadings from the Complaint, as they are not allegations to which a response is required.  To the extent such subheadings are deemed to require a response, G6 denies each and every one.

27.     G6 admits that its employees have internally discussed the topic of sex trafficking in the hospitality industry after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 27 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27 as they pertain to Marriott and, on that basis, denies them.

28.     G6 admits that, after October 2012, G6 employees have sent and/or received certain communications concerning sex trafficking in the hospitality industry, which are documents that speak for themselves.  G6 denies any characterizations of such documents that are inconsistent therewith, and further denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 28 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 as they pertain to Marriott and, on that basis, denies them.

29.     G6 admits that the undergraduate student thesis cited in paragraph 29 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations of paragraph 29 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 as they pertain to any other hospitality companies and, on that basis, denies them.

30.     G6 denies all of the allegations of paragraph 30 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 as they pertain to Marriott and, on that basis, denies them.

31.     G6 denies all of the allegations of paragraph 31 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 as they pertain to Marriott and, on that basis, denies them.

32.     G6 admits that the Polaris Project publication cited in paragraph 32 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  G6 further denies all of the allegations of paragraph 32 as they pertain to G6.  Except as

expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32 and, on that basis, denies them.

33.     Paragraph 33 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

34.     G6 denies all of the allegations in paragraph 34.

35.     Paragraph 35 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and, on that basis, denies them.

36.     G6 denies all of the allegations in paragraph 36.

37.     G6 denies all of the allegations in paragraph 37 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37 as they pertain to Marriott and, on that basis, denies them.

38.     Paragraph 38 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, denies them.

39.     G6 denies all of the allegations of paragraph 39.

40.     G6 admits that the article cited in paragraph 40 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.   G6 denies all of the allegations of paragraph 40 as they pertain to G6.   Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 or the contents of the article cited therein and, on that basis, denies them.

41.     G6 denies all of the allegations in paragraph 41 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41 as they pertain to Marriott and, on that basis, denies them.

G6 HOSPITALITY LLC'S ANSWER

42.     G6 denies all of the allegations of paragraph 42 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42 and, on that basis, denies them.

43.     Paragraph 43 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43 and, on that basis, denies them.

44.     G6 denies all of the allegations of paragraph 44.

45.     Paragraph 45 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45 and, on that basis, denies them.

46.     G6 denies all of the allegations of paragraph 46.

47.     G6 denies all of the allegations of paragraph 47 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47 as they pertain to Marriott and, on that basis, denies them.

48.     Paragraph 48 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48 and, on that basis, denies them.

49.     G6 denies all of the allegations of paragraph 49.

50.     Paragraph 50 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 50 and, on that basis, denies them.

51.     G6 denies all of the allegations in paragraph 51.

52.     Paragraph 52 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or

G6 HOSPITALITY LLC'S ANSWER

information to form a belief as to the truth of the allegations of paragraph 52 and, on that basis, denies them.

53.     G6 denies that it existed prior to October 2012.  G6 admits that after October 2012, G6 has been implementing the available and evolving anti-trafficking policies, procedures, and training.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 53.

54.     Paragraph 54 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 54 and, on that basis, denies them.

55.     Paragraph 55 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies that it existed prior to October 2012.  G6 admits that after October 2012, G6 has been implementing the available and evolving anti-trafficking policies, procedures, and training.   Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 55.

56.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 and, on that basis, denies them.

57.     G6 admits that the academic publication cited in paragraph 57 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 57 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 as they pertain to Marriott and, on that basis, denies them.

58.     Paragraph 58 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits the undergraduate student thesis cited in paragraph 58 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and, on that basis, denies them.

G6 HOSPITALITY LLC'S ANSWER

59.     Paragraph 59 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the article cited in paragraph 59 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  G6 further admits that it has required all customer-facing G6 employees to take anti-human trafficking training.  G6 further admits that its contractual relationships with the independent owners and operators of franchised Motel 6® properties not at issue in Plaintiff's First Amended Complaint are governed by franchise agreements specific to those properties, and G6 denies all allegations inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 59 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 as they pertain to any other hospitality companies and, on that basis, denies them.

60.     Paragraph 60 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1595 is a federal statute that speaks for itself, and G6 denies any allegations that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 60 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 as they pertain to Marriott and, on that basis, denies them.

61.     G6 denies all of the allegations in paragraph 61 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61 and, on that basis, denies them.

62.     Paragraph 62 consists of allegations directed towards other hospitality companies to which no response by G6 is required.  To the extent a response is required, G6 admits that the report cited in paragraph 62 is a document that speaks for itself.  G6 denies any characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62 and, on that basis, denies them.

63.     Paragraph 63 consists of allegations directed to Marriott to which no response by G6 is required. To the extent a response is required, G6 admits that the article cited in paragraph 63 is

a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, denies them.

64.     G6 admits that the Department of Homeland Security publications cited and referenced in paragraph 64 are documents that speak for themselves.  G6 denies any characterizations of such documents that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 64 and, on that basis, denies them.

65.     G6 admits that the toolkit cited in paragraph 65 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  G6 further denies all of the allegations of paragraph 65 as they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 and, on that basis, denies them.

66.     Paragraph 66 consists of allegations directed to Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 and, on that basis, denies them.

67.     G6 admits that it has been monitoring the available and evolving anti-trafficking policies and procedures applicable to the hospitality industry.  Except as expressly admitted, G6 denies the allegations of paragraph 67.

68.     Paragraph 68 consists of allegations directed to Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68 and, on that basis, denies them.

69.     G6 admits that it has participated in discussions with members of the hospitality industry and experts in human trafficking about policies and procedures designed to help prevent or stop human trafficking on hotel premises.  Except as expressly admitted, G6 denies all of the allegations of paragraph 69.

70.     Paragraph 70 consists of allegations directed to Marriott to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70 and, on that basis, denies them.

71.     G6 denies all of the allegations in paragraph 71.

72.     Paragraph 72 consists of allegations directed to Marriott to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72 and, on that basis, denies them.

73.     G6 denies all of the allegations in paragraph 73.

74.     Paragraph 74 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that hospitality companies should take reasonable steps to minimize the occurrence of foreseeable criminal conduct at the hotels they operate.  Except as expressly admitted, G6 denies all of the allegations of paragraph 74 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 74 as to any other hospitality companies and, on that basis, denies them.

75.     Paragraph 75 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand." Paragraph 75 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 75 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 75 as they pertain to Marriott and, on that basis, denies them.

76.     Paragraph 76 consists of allegations directed towards "brands" with a  franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was

-13-

G6 HOSPITALITY LLC'S ANSWER

not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand."  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 76 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 76 as they pertain to Marriott and, on that basis, denies them.

77.     Paragraph 77 consists of  allegations directed towards "brands" with a  franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand." Paragraph 77 also consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent therewith.   Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 77 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 77 as they pertain to Marriott and, on that basis, denies them.

78.     Paragraph 78 consists of allegations directed to Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 and, on that basis, denies them.

79.     Paragraph 79 consists of allegations directed to Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, denies them.

80.     G6 denies all of the allegations of paragraph 80.

81.     Paragraph 81 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties

not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent therewith. G6 further denies that the Motel 6 Oakland Airport is or was a franchised property at any time relevant to Plaintiff's First Amended Complaint. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 81.

82.     Paragraph 82 consists of allegations directed to Marriott to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 82 and, on that basis, denies them.

83.     Paragraph 83 consists of allegations directed to Marriott to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 83 and, on that basis, denies them.

84.     G6 admits that G6 and its affiliates have collectively owned and controlled the Motel 6® brand since October 2012. Except as expressly admitted, G6 denies all of the allegations of paragraph 84.

85.     Paragraph 85 consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 85.

86.     G6 denies all of the allegations in paragraph 86 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 86 as they pertain to Marriott and, on that basis, denies them.

87.     Paragraph 87 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 or its subparts and, on that basis, denies them.

88.     Paragraph 88 (exclusive of any subparts) contains no allegations to which a response is required. To the extent a response is required, G6 denies all allegations in paragraph 88.

a.     Paragraph 88(a) (exclusive of any subparts) contains no allegations to which a response is required. To the extent a response is required, G6 denies all allegations in paragraph 88(a).

G6 HOSPITALITY LLC'S ANSWER

      i. G6 admits that it currently owns and operates the Motel 6 Oakland Airport.  Except as expressly admitted, G6 denies all of the allegations of paragraph 88(a)(i).

     ii. G6 denies all of the allegations of paragraph 88(a)(ii).

   iii. Paragraph 88(a)(iii) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 88(a)(iii).

   iv. Paragraph 88(a)(iv) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 88(a)(iv).

    v. Paragraph 88(a)(v) and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that it has provided the training and education alleged in paragraph 88(a)(v) to Motel 6® branded properties and that such training is required of all customer-facing G6 employees.  G6 further admits that its contractual relationship with the third party owner-operators of certain Motel 6® branded properties not at issue in Plaintiff's Complaint are governed by franchise agreements that speak for themselves, and G6 denies all allegations inconsistent therewith.  G6 further denies that it owned or controlled the Motel 6® brand or the Motel 6 Oakland Airport at any point prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 88(a)(v) and its subparts.

   vi. Paragraph 88(a)(vi) and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that, since October 2012, some Motel 6® branded properties have been owned and operated by G6 and some have been independently owned and operated by third parties

-16-
G6 HOSPITALITY LLC'S ANSWER

pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent therewith. G6 further denies that it owned or controlled the Motel 6® brand or the Motel 6 Oakland Airport at any point prior to October 2012. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 88(a)(vi) and its subparts.

vii. Paragraph 88(a)(vii) consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations in paragraph 88(a)(vii).

viii. Paragraph 88(a)(viii) and its subparts consist of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations in paragraph 88(a)(viii) and its subparts.

ix. Paragraph 88(a)(ix) consists of argument to which no response is required. To the extent a response is required, G6 admits that the article Plaintiff quotes in paragraph 88(a)(ix) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all allegations in paragraph 88(a)(ix).

x. G6 admits that the material quoted in paragraph 88(a)(x) appears in a purported review on tripadvisor.com, which is a document that speaks for itself. G6 lacks sufficient knowledge or information to form a belief as to the authenticity of the review or the truth of any matters purportedly asserted therein, and on that basis denies them. Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 88(a)(x).

xi. Paragraph 88(a)(xi) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 88(a)(xi).

    1.    G6 admits that the article cited in paragraph 88(a)(xi)(1) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(1) and, on that basis, denies them.

    2.    G6 admits that the article cited in paragraph 88(a)(xi)(2) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(2) and, on that basis, denies them.

    3.    G6 admits that the article cited in paragraph 88(a)(xi)(3) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(3) and, on that basis, denies them.

    4.    G6 admits that the article cited in paragraph 88(a)(xi)(4) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct

G6 HOSPITALITY LLC'S ANSWER

knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(4) and, on that basis, denies them.

5.    G6 admits that the article cited in paragraph 88(a)(xi)(5) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(5) and, on that basis, denies them.

6.    G6 admits that the article cited in paragraph 88(a)(xi)(6) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(6) and, on that basis, denies them.

7.    G6 admits that the article cited in paragraph 88(a)(xi)(7) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(7) and, on that basis, denies them.

8.    G6 admits that the article cited in paragraph 88(a)(xi)(8) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(8) and, on that basis, denies them.

9.      G6 admits that the article cited in paragraph 88(a)(xi)(9) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(9) and, on that basis, denies them.

10.     G6 admits that the article cited in paragraph 88(a)(xi)(10) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(10) and, on that basis, denies them.

11.     G6 admits that the article cited in paragraph 88(a)(xi)(11) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(11) and, on that basis, denies them.

12.     G6 admits that the article cited in paragraph 88(a)(xi)(12) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(12) and, on that basis, denies them.

13.   G6 admits that the article cited in paragraph 88(a)(xi)(13) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(13) and, on that basis, denies them.

14.   G6 admits that the article cited in paragraph 88(a)(xi)(14) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(14) and, on that basis, denies them.

15.   G6 admits that the article cited in paragraph 88(a)(xi)(15) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(15) and, on that basis, denies them.

16.   G6 admits that the article cited in paragraph 88(a)(xi)(16) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(16) and, on that basis, denies them.

17.     G6 admits that the article cited in paragraph 88(a)(xi)(17) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(17) and, on that basis, denies them.

18.     G6 admits that the article cited in paragraph 88(a)(xi)(18) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(18) and, on that basis, denies them.

19.     G6 admits that the article cited in paragraph 88(a)(xi)(19) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(19) and, on that basis, denies them.

20.     G6 admits that the article cited in paragraph 88(a)(xi)(20) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

-22-

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(20) and, on that basis, denies them.

21.   G6 admits that the article cited in paragraph 88(a)(xi)(21) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(21) and, on that basis, denies them.

22.   G6 admits that the article cited in paragraph 88(a)(xi)(22) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(22) and, on that basis, denies them.

23.   G6 admits that the article cited in paragraph 88(a)(xi)(23) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(23) and, on that basis, denies them.

24.   G6 admits that the article cited in paragraph 88(a)(xi)(24) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(24) and, on that basis, denies them.

25.    G6 admits that the article cited in paragraph 88(a)(xi)(25) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(25) and, on that basis, denies them.

26.    G6 admits that the article cited in paragraph 88(a)(xi)(26) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(26) and, on that basis, denies them.

27.    G6 admits that the article cited in paragraph 88(a)(xi)(27) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(27) and, on that basis, denies them.

28.    G6 admits that the article cited in paragraph 88(a)(xi)(28) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(28) and, on that basis, denies them.

29.   G6 admits that the article cited in paragraph 88(a)(xi)(29) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(29) and, on that basis, denies them.

30.   G6 admits that the article cited in paragraph 88(a)(xi)(30) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(30) and, on that basis, denies them.

31.   G6 admits that the article cited in paragraph 88(a)(xi)(31)  is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(31) and, on that basis, denies them.

32.   G6 admits that the article cited in paragraph 88(a)(xi)(32) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(32)  and, on that basis, denies them.

33.    G6 admits that the article cited in paragraph 88(a)(xi)(33)  is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(33) and, on that basis, denies them.

34.    G6 admits that the article cited in paragraph 88(a)(xi)(34) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsiste  nt therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(34) and, on that basis, denies them.

35.    G6 admits that the article cited in paragraph 88(a)(xi)(35) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(35) and, on that basis, denies them.

36.    G6 admits that the article cited in paragraph 88(a)(xi)(36)  is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(36) and, on that basis, denies them.

37.    G6 admits that the article cited in paragraph 88(a)(xi)(37) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(37) and, on that basis, denies them.

38.    G6 admits that the article cited in paragraph 88(a)(xi)(38) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(38) and, on that basis, denies them.

39.    G6 admits that the article cited in paragraph 88(a)(xi)(39) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(39) and, on that basis, denies them.

40.    G6 admits that the article cited in paragraph 88(a)(xi)(40) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(40) and, on that basis, denies them.

41.     G6 admits that the article cited in paragraph 88(a)(xi)(41) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 88(a)(xi)(41).

42.     G6 admits that the article cited in paragraph 88(a)(xi)(42) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations of paragraph 88(a)(xi)(42) and, on that basis, denies them.

43.     G6 admits that the article cited in paragraph 88(a)(xi)(43) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(43)  and, on that basis, denies them.

44.     G6 admits that the article cited in paragraph 88(a)(xi)(44) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the

G6 HOSPITALITY LLC'S ANSWER

truth of the allegations in paragraph 88(a)(xi)(44) and, on that basis, denies them.

45.    G6 admits that the article cited in paragraph 88(a)(xi)(45) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 88(a)(xi)(45).

46.    G6 admits that the article cited in paragraph 88(a)(xi)(46) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(46) and, on that basis, denies them.

47.    G6 admits that the article cited in paragraph 88(a)(xi)(47) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(47) and, on that basis, denies them.

48.    G6 admits that the article cited in paragraph 88(a)(xi)(48) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(48) and, on that basis, denies them.

G6 HOSPITALITY LLC'S ANSWER

49.     G6 admits that the article cited in paragraph 88(a)(xi)(49) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(49) and, on that basis, denies them.

50.     G6 admits that the article cited in paragraph 88(a)(xi)(50) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 88(a)(xi)(50).

51.     G6 admits that the press release cited in paragraph 88(a)(xi)(51) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 88(a)(xi)(51).

52.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(52) and, on that basis, denies them.

53.     G6 admits that the article cited in paragraph 88(a)(xi)(53) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(53) and, on that basis, denies them.

G6 HOSPITALITY LLC'S ANSWER

54.      G6 admits that the article cited in paragraph 88(a)(xi)(54) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(54) and, on that basis, denies them.

55.      G6 admits that the article cited in paragraph 88(a)(xi)(55) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 88(a)(xi)(55) and, on that basis, denies them.

xii.  G6 denies all allegations in paragraph 88(a)(xii).

1.      G6 admits that the online review cited in paragraph 88(a)(xii)(1) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 88(a)(xii)(1).

89.      G6 denies that it owned operated the Motel 6® brand or the Motel 6 Oakland Airport at any point prior to October 2012.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 and, on that basis, denies them.

WEST\289905770.3

90.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 and, on that basis, denies them.

91.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91 and, on that basis, denies them.

92.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 92 and, on that basis, denies them.

93.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93 and, on that basis, denies them.

94.     G6 admits that the Motel 6 Oakland Airport has had open air guest corridors since G6 acquired the property in October 2012.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94 and, on that basis, denies them.

95.     Paragraph 95 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95 and, on that basis, denies them.

96.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96 and, on that basis, denies them.

97.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 and, on that basis, denies them.

98.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 and, on that basis, denies them.

99.     Paragraph 99 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99 and, on that basis, denies them.

100.     Paragraph 100 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or

G6 HOSPITALITY LLC'S ANSWER

information to form a belief as to the truth of the allegations in paragraph 100 and, on that basis, denies them.

101.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101 and, on that basis, denies them.

102.    Paragraph 102 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102 and, on that basis, denies them.

103.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 103 and, on that basis, denies them.

104.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104 and, on that basis, denies them.

105.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 105 and, on that basis, denies them.

106.    Paragraph 64 consists of conclusions of law and legal arguments to which no response is required.   To the extent a response is required, G6 denies all of the allegations of paragraph 106 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 106 as they pertain to Marriott and, on that basis, denies them.

107.    G6 denies all of the allegations of paragraph 107 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107 as they pertain to Marriott and, on that basis, denies them.

108.    Paragraph 108 consists of conclusions of law and legal arguments directed towards Marriott to which no response by  G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 108 and, on that basis, denies them.

G6 HOSPITALITY LLC'S ANSWER

109.    Paragraph 109 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 109.

110.    Paragraph 110 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110 and, on that basis, denies them.

111.    G6 denies all of the allegations in paragraph111 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 111 and, on that basis, denies them.

112.    Paragraph 112 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112 and, on that basis, denies them.

113.    G6 denies all of the allegations in paragraph 113 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 113 and, on that basis, denies them.

114.    Paragraph 114 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114 and, on that basis, denies them.

115.    Paragraph 115 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 115.

116.    Paragraph 116 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 116 and, on that basis, denies them.

G6 HOSPITALITY LLC'S ANSWER

117.     Paragraph 117 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 117.

118.     Paragraph 118 consists of conclusions of law and legal arguments directed towards Marriott to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 118 and, on that basis, denies them.

119.     Paragraph 119 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 119 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 119 and, on that basis, denies them.

120.     Paragraph 120 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120 and, on that basis, denies them.

121.     G6 denies all of the allegations in paragraph 121.

122.     Paragraph 122 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122 and, on that basis, denies them.

123.     G6 denies all of the allegations in paragraph 123.

124.     Paragraph 124 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 124 and, on that basis, denies them.

125.     G6 denies all of the allegations in paragraph 125.

G6 HOSPITALITY LLC'S ANSWER

126.     Paragraph 126 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126 and, on that basis, denies them.

127.     G6 denies all of the allegations in paragraph 127.

128.     G6 denies all of the allegations in paragraph 128 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128 or its subparts as they pertain to Marriott and, on that basis, denies them.

129.     Paragraph 129 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 129 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 129 as they pertain to Marriott and, on that basis, denies them.

## CAUSES OF ACTION

### A.     COUNT ONE – 18 U.S.C. §1595 ("TVPRA")

### (Against Marriott International, Inc.)

130.     G6 incorporates its responses to paragraphs 1 through 129 by reference as though fully set forth herein.

131.     Paragraph 131 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 131 and, on that basis, denies them.

132.     Paragraph 132 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 132 and, on that basis, denies them.

133.     Paragraph 133 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks

G6 HOSPITALITY LLC'S ANSWER

sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 133 and, on that basis, denies them.

134.     Paragraph 134 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 134 and, on that basis, denies them.

### B.     COUNT TWO – 18 U.S.C. 1595 ("TVPRA")
### (Against G6 Hospitality LLC)

135.     G6 incorporates its responses to paragraphs 1 through 134 by reference as though fully set forth herein.

136.     Paragraph 136 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 136 and, on that basis, denies them.

137.     Paragraph 137 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 137.

138.     Paragraph 138 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 138.

139.     Paragraph 139 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 139 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 139 and, on that basis, denies them.

### C.     COUNT THREE – CAL CIV. CODE 52.5
### (Against Marriott International, Inc.)

G6 HOSPITALITY LLC'S ANSWER

WEST\289905770.3

140.    G6 incorporates by reference its responses to paragraphs 1 through 139 as though fully set forth herein.

141.    Paragraph 141 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 141 and, on that basis, denies them.

142.    Paragraph 142 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142 and, on that basis, denies them.

143.    Paragraph 143 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143 and, on that basis, denies them.

144.    Paragraph 144 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 144 and, on that basis, denies them.

145.    Paragraph 145 consists of conclusions of law and legal arguments directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 145 and, on that basis, denies them.

### D.    COUNT FOUR – CAL CIV. CODE 52.5

### (Against G6 Hospitality LLC)

146.    G6 incorporates by reference each of its responses to paragraphs 1 through 145 as though fully set forth herein.

147.    Paragraph 147 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or

information to form a belief as to the truth of the allegations in paragraph 147 and, on that basis, denies them.

148.    Paragraph 148 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 148.

149.    Paragraph 149 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 149.

150.    Paragraph 149 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 149 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 150 and, on that basis, denies them.

151.    Paragraph 151 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 151.

## PRAYER FOR RELIEF

G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

*        *        *

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1.    The Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Superseding or Intervening Acts)

2.    The Complaint, and each cause of action set forth therein, is barred in whole or in

G6 HOSPITALITY LLC'S ANSWER

WEST\289905770.3

part because the incidents alleged and all damages complained of, if any, were caused by the superseding and/or intervening acts of parties over whom G6 had no right of control.

## Third Affirmative Defense

### (Fault of Third Parties/Apportionment of Fault)

3.       The Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than G6, including other parties in this case and/or third parties such as Plaintiff's alleged trafficker, under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, and/or comparative fault, including, without limitation, as codified at California Civil Code § 1431.2.

## Fourth Affirmative Defense

### (Statutes Vague and Ambiguous)

4.       The Complaint, and each cause of action asserted therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

## Fifth Affirmative Defense

### (Failure to Mitigate Damages)

5.       The Complaint, and each cause of action asserted therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

## Sixth Affirmative Defense

### (Pre-Enactment Activity)

6.       The Complaint, and each cause of action asserted therein, is barred in whole or in part to the extent the alleged conduct took place before the statute sued upon was enacted.

## Seventh Affirmative Defense

### (No Vicarious Liability)

7.       The Complaint, and each cause of action asserted therein, is barred in whole or in part because, to the extent G6's employees committed any of the alleged acts or omissions, it was outside the scope of authority conferred by G6 and not ratified by G6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Eighth Affirmative Defense</u>**

(Statute of Limitations)

8.      The Complaint, and each cause of action asserted therein, is barred in whole or in part by the applicable statutes of limitations.

**<u>Ninth Affirmative Defense</u>**

(No Malice, Oppression, or Fraud)

9.      The Complaint, and each cause of action set forth therein, fails to establish that any officer, director, or managing agent of G6 acted with malice, oppression, or fraud, or directed, knew, or approved of an employee's malice, oppression, fraud, or duress as required to justify the imposition of punitive damages under California Civil Code sections 3294 or 52.5(b).

**<u>Tenth Affirmative Defense</u>**

(No Intentional or Outrageous Conduct)

10.      The Complaint, and each cause of action set forth therein, fails to establish that G6 acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

**<u>Eleventh Affirmative Defense</u>**

(No Liability Prior to Existence)

11.      The Complaint, and each cause of action set forth therein, is barred in whole or in part because G6 was not in existence during part or all of the time period of the incidents alleged in the Complaint, and therefore is not responsible or liable for any conduct that occurred prior to its existence, including but not limited to any liability as a successor entity.

**<u>Twelfth Affirmative Defense</u>**

(Laches)

12.      The Complaint, and each cause of action asserted therein, is barred in whole or in part by the doctrine of laches.

**<u>Thirteenth Affirmative Defense</u>**

(Injunctive Relief Unavailable)

13.      Plaintiff's request for mandatory injunctive relief is barred in whole or in part

G6 HOSPITALITY LLC'S ANSWER

1   because (1) to the extent Plaintiff is entitled to any relief at all, she has an adequate remedy at law,

2   and (2) the injunction requested is unenforceable and/or would require the constant supervision of

3   the Court.

### Fourteenth Affirmative Defense

4

5   (Reservation)

6   14.    G6 expressly reserves the right to amend this Answer to add, delete, or modify

7   affirmative defenses based on legal theories, facts, and circumstances which may be developed

8   through discovery or further legal analysis of Plaintiff's claims.

### PRAYER FOR RELIEF

9

10   WHEREFORE, G6 prays for judgment as follows:

11   1.    That Plaintiff's First Amended Complaint be dismissed with prejudice;

12   2.    That Plaintiff take nothing by her First Amended Complaint;

13   3.    That judgment be rendered in G6's favor;

14   4.    That G6 be awarded all costs of suit incurred herein; and

15   5.    That the Court award such other and further relief as it deems just and proper.

16   Dated:  April 16, 2020                DLA PIPER LLP (US)

17

18                              By: */s/ Angela C. Agrusa*
                                    Angela C. Agrusa
19                                  Shannon E. Dudic
                                    Alexis N. Burgess
20                                  Attorneys for Defendant
                                    G6 HOSPITALITY LLC
21

22

23

24

25

26

27

28

WEST\289905770.3