1    Angela C. Agrusa (Bar No. CA-131337)
     *angela.agrusa@us.dlapiper.com*
2    Shannon E. Dudic (Bar No. CA-261135)
     *shannon.dudic@us.dlapiper.com*
3    Alexis N. Burgess (Bar No. CA-279328)
     *alexis.burgess@us.dlapiper.com*
4    **DLA PIPER LLP (US)**
5    2000 Avenue of the Stars
     Suite 400 North Tower
6    Los Angeles, California 90067-4704
     Tel:    310.595.3000
7    Fax:    310.595.3300

8
     Attorneys for Defendant
9    G6 HOSPITALITY LLC

10

11                    **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13

14   K.R., an individual,                    Case No.:  3:19-cv-08252-VC

15                   Plaintiff,               **G6 HOSPITALITY LLC'S ANSWER
                                              TO PLAINTIFF'S SECOND AMENDED**
16         v.                                 **COMPLAINT**

17
     G6 HOSPITALITY LLC; MARRIOTT             Complaint Filed: December 19, 2019
18   INTERNATIONAL, INC.,                     SAC Filed: July 2, 2020

19                   Defendants.
20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────
     G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant G6 Hospitality LLC (erroneously sued as G6 Hospitality, LLC) ("G6"), by and through its undersigned counsel, responds to Plaintiff K.R.'s ("Plaintiff") Second Amended Complaint, as follows:

**INTRODUCTION**

1.      Paragraph 1 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 1 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 as they pertain to Defendant Marriott International, Inc. ("Marriott") and, on that basis, denies them.

2.      Paragraph 2 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 2 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 as they pertain to Marriott and, on that basis, denies them.

3.      Paragraph 3 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 3 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 as they pertain to Marriott and, on that basis, denies them.

4.      Paragraph 4 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that Plaintiff has filed this action seeking damages under the TVPRA, among other theories.  G6 further admits that Plaintiff seeks to proceed under her initials, K.R.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and, on that basis, denies them.

5.      G6 denies all of the allegations of paragraph 5 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies them.

6.      Paragraph 6 consists of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 admits that Plaintiff brings this action for damages.  Except as expressly admitted, G6 denies all of the allegations in paragraph 6 as they

-1-

pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 as they pertain to Marriott and, on that basis, denies them.

7.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies them.

8.     Paragraph 8 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 8 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies them.

9.     Paragraph 9 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that Plaintiff brings this action pursuant to the TVPRA, among other theories.  Except as expressly admitted, G6 denies all of the allegations in paragraph 9 as they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies them.

10.    Paragraph 10 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the Second Amended Complaint identifies Plaintiff by the initials K.R., only. G6 further admits that it does not presently oppose Plaintiff's request to proceed under pseudonym status, but reserves its right to do so as discovery unfolds. Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies them.

11.    Paragraph 11 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 or its subparts and, on that basis, denies them.

12.    G6 admits that it is a Delaware limited liability company with its headquarters in Carrollton, Texas. G6 further admits that there are more than 1,400 Motel 6® branded guest lodging facilities in the United States and Canada, some of which are owned and operated by G6, while others are independently owned and operated by third parties pursuant to franchise agreements

specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with such documents. Except as expressly admitted or denied, G6 denies all allegations in paragraph 12.

a. G6 admits that G6 and its affiliates have collectively owned and controlled the Motel 6® brand since October 2012. Except as expressly admitted, G6 denies all allegations in paragraph 12(a).

b. G6 admits that, since October 2012, it has established the training and policies for the guest lodging facility located at 8480 Edes Avenue in Oakland (the "Motel 6 Oakland Airport"). G6 further admits that, since October 2012, the contractual relationships between G6 and the independent owners of certain other Motel 6® branded hotels have been governed by franchise agreements that speak for themselves, and G6 denies any allegations that are inconsistent therewith. G6 further denies that it owned, controlled, or operated the Motel 6 Oakland Airport at any point prior to October 2012. Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 12(b).

c. G6 admits that it considers guest safety and security important and requires all Motel 6® branded properties to comply with certain standards as well as all applicable laws.  Except as expressly admitted, G6 denies all of the allegations in paragraph 12(c).

d. Paragraph 12(d) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 12(d).

e. G6 admits that, since October 2012, it has received revenue from the Motel 6® branded hotels that it operates.  G6 further admits that its contractual relationships with the independent owners and operators of certain Motel 6® branded properties not at issue in Plaintiff's complaint are governed by franchise agreements that speak for themselves, and G6 denies any

G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

allegations inconsistent therewith.  G6 further denies that it received revenue from the Motel 6 Oakland Airport or any other Motel 6® branded hotel prior to October 2012.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12(e) and, on that basis, denies them.

      f.     G6 admits it has  owned and operated the Motel 6 Oakland Airport since October 2012.  Except as expressly admitted, G6 denies all of the allegations of paragraph 12(f).

      g.    Paragraph 12(g) consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it owns and operates guest lodging facilities in California and that it does not dispute this Court's personal jurisdiction.  Except as expressly admitted, G6 denies the allegations of paragraph 12(g).

13.     Paragraph 13 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 13 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 concerning Marriott and, on that basis, denies them.

## JURISDICTION AND VENUE

14.     Paragraph 14 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 does not dispute the subject matter jurisdiction of this Court over this lawsuit.  Except as expressly admitted, G6 denies the allegations of paragraph 14.

15.     Paragraph 15 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 does not dispute that venue in this Court is proper.  Except as expressly admitted, G6 denies all of the allegations in paragraph 19 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 as they pertain to Marriott and, on that basis, denies them.

**SEX TRAFFICKING UNDER FEDERAL LAW**

16.     Paragraph 16 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 is a federal statute that speaks for itself.  G6 denies all characterizations of such statute that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations in paragraph 21.

17.     Paragraph 17 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 and 18 U.S.C. §§ 1589-1591 are federal statutes that speak for themselves.  G6 denies all characterizations of such statutes that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations in paragraph 17.

18.     Paragraph 18 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 and 18 U.S.C. § 1591 are federal statutes that speak for themselves.  G6 denies all characterizations of such statutes that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations of paragraph 18.

19.     Paragraph 19 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1591(a) is a federal statute that speaks for itself.  G6 denies all characterizations of such statutes that are inconsistent therewith.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, denies them.

20.     Paragraph 20 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the TVPRA is a federal statute that speaks for itself.  G6 further admits that the canons of construction applicable to federal statutes are set forth in legal opinions that speak for themselves.  G6 denies all characterizations of such statutes or case law that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 20.

21.     Paragraph 21 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1595(a) is a federal statute that speaks for itself, and denies all characterizations of such statute that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 21.

22.     Paragraph 22 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1595(a) is a federal statute that speaks for itself, and denies all characterizations of such statute that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 22.

23.     Paragraph 23 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1595(a) is a federal statute that speaks for itself, and denies all characterizations of such statute that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 23.

24.     Paragraph 24 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1595(a) is a federal statute that speaks for itself, and denies all characterizations of such statute that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 24.

25.     Paragraph 25 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 25.

26.     Paragraph 26 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 26.

27.     Paragraph 27 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the TVPRA is a federal

1

2

statute that speaks for itself, and denies any characterizations of such statute that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 27.

3

## FACTUAL ALLEGATIONS[1]

4

5

28.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 and, on that basis, denies them.

6

7

8

9

29.     G6 admits that the 2017 documentary review cited in paragraph 29 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies them.

10

11

12

13

30.     G6 admits that the article cited in paragraph 30 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, denies them.

14

15

16

17

31.     G6 admits that the article and map cited in paragraph 31 are documents that speak for themselves.  G6 denies all characterizations of such documents that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 and, on that basis, denies them.

18

19

32.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and, on that basis, denies them.

20

21

33.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

22

23

24

25

34.     Paragraph 34 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and, on that basis, denies them.

26

27

28

---

[1] This Answer omits the subheadings from the Complaint, as they are not allegations to which a response is required.  To the extent such subheadings are deemed to require a response, G6 denies each and every one.

35.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and, on that basis, denies them.

36.     G6 admits that the Motel 6 Oakland Airport has had open air guest corridors since G6 acquired the property in October 2012.  G6 further admits that the Expedia page cited in paragraph 36 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, denies them.

37.     Paragraph 37 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, denies them.

38.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, denies them.

39.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, denies them.

40.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, denies them.

41.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies them.

42.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, denies them.

43.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and, on that basis, denies them.

44.     Paragraph 44 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 44 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 as they pertain to Marriott and, on that basis, denies them.

45.     G6 denies all of the allegations of paragraph 45 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45 and, on that basis, denies them.

46.     Paragraph 46 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the publications cited in paragraph 46 are documents that speaks for themselves, and G6 denies all characterizations of such documents that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies it.

47.     Paragraph 47 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, denies them.

48.     Paragraph 48 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the undergraduate student thesis cited in paragraph 48 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 48 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48 as they pertain to any other hospitality companies and, on that basis, denies them.

49.     Paragraph 49 consists of argument to which no response is required.  To the extent a response is required, G6 admits that it is a prominent member of the hospitality industry and has partnered with prominent anti-trafficking organizations to increase awareness and anti-trafficking initiatives in the hospitality industry at large.  Except as expressly admitted, G6 denies all of the allegations of paragraph 49 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 49 as they pertain to Marriott and, on that basis, denies them.

50.     Paragraph 50 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the report cited in paragraph 50 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as

expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, denies them.

51.      Paragraph 51 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the transcript cited in paragraph 51 is a document that speaks for itself, and G6 denies any characterization of such document that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 51 and, on that basis, denies them.

52.      Paragraph 52 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the International Labour Office publication cited in paragraph 52 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 and, on that basis, denies them.

53.      Paragraph 53 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the article cited in paragraph 53 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, denies them.

54.      Paragraph 54 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the report cited in paragraph 54 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, denies them.

55.      Paragraph 55 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the publications cited in paragraph 55 are documents that speak for themselves, and denies any characterization of such documents that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55 and, on that basis, denies them.

56.     Paragraph consists of conclusions of law and argument to which no response is required. To the extent a response is required, G6 admits that the publication cited in paragraph 56 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith. G6 further denies all of the allegations of paragraph 56 as they pertain to G6. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 and, on that basis, denies them.

57.     Paragraph 57 consists of argument to which no response is required. To the extent a response is required, G6 admits that the publications cited in paragraph 57 are documents that speak for themselves, and denies any characterization of such documents that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 and, on that basis, denies them.

58.     Paragraph 58 consists of argument to which no response is required. To the extent a response is required, G6 admits that the publication cited in paragraph 58 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith. G6 further denies all of the allegations of paragraph 58 as they pertain to G6. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and, on that basis, denies them.

59.     Paragraph 59 consists of argument to which no response is required. To the extent a response is required, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies them.

60.     Paragraph 60 consists of argument to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 60 and, on that basis, denies them.

61.     Paragraph 61 consists of argument to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 61 as they pertain to G6. Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 61 and, on that basis, denies them.

62.     Paragraph 62 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 62 and, on that basis, denies them.

63.     Paragraph 63 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that the duties of hotel operators are set forth in statutes and legal opinions that speak for themselves, and G6 denies any characterizations of such documents that are inconsistent therewith.  G6 further admits that the undergraduate student thesis cited in paragraph 63 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 63.

64.     Paragraph 64 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that the toolkit cited in paragraph 64 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations in paragraph 64.

65.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 and, on that basis, denies them.

66.     G6 admits that the publication cited in paragraph 66 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 66 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 66 as they pertain to Marriott and, on that basis, denies them.

67.     Paragraph 67 consists of allegations directed towards Marriott to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67 and, on that basis, denies them.

68.     Paragraph 68 consists of conclusions of law and argument to which no response is required.  To the extent a response is required, G6 admits that the undergraduate student thesis cited in paragraph 68 is a document that speaks for itself, and denies any characterization of such

document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68 and, on that basis, denies them.

69.     Paragraph 69 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the article cited in paragraph 69 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  G6 further admits that it has required all customer-facing G6 employees to take anti-human trafficking training.  G6 further admits that its contractual relationships with the independent owners and operators of franchised Motel 6® properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements specific to those properties, and G6 denies all allegations inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 69 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69 as they pertain to any other hospitality companies and, on that basis, denies them.

70.     Paragraph 70 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris publication cited in paragraph 70 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70 and, on that basis, denies them.

71.     Paragraph 71 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris publication cited in paragraph 71 is a document that speaks for itself, and denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 and, on that basis, denies them.

72.     G6 admits that it has received certain information from the Polaris Project after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 72 as they pertain to G6.  G6 lacks sufficient

knowledge or information to form a belief as to the truth of the allegations of paragraph 72 as they pertain to Marriott and, on that basis, denies them.

73.     Paragraph 73 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 and, on that basis, denies them.

74.     G6 admits that it has received certain publically available information regarding human trafficking after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 74.

75.     G6 denies all of the allegations of paragraph 75 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 as they pertain to Marriott and, on that basis, denies them.

76.     Paragraph 76 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 and, on that basis, denies them.

77.     Paragraph 77 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 and, on that basis, denies them.

78.     Paragraph 78 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 and, on that basis, denies them.

79.     G6 admits that the publications cited in paragraph 79 are documents that speak for themselves, and denies any characterization of such documents that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, denies them.

80.     G6 admits that it has received information about the Blue Campaign.  G6 denies that it existed prior to October 2012 or that it received any toolkits from the Blue Campaign prior to 2016.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 80 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 80 as they pertain to Marriott and, on that basis, denies them.

81.     Paragraph 81 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 81 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 81 as to any other hospitality companies and, on that basis, denies them.

82.     Paragraph 82 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 82 and, on that basis, denies them.

83.     Paragraph 83 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 83 and, on that basis, denies them.

84.     Paragraph 84 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 84 and, on that basis, denies them.

85.     Paragraph 85 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 85 and, on that basis, denies them.

86.     Paragraph 86 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or

information to form a belief as to the truth of the allegations of paragraph 86 and, on that basis, denies them.

87.     Paragraph 87 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 87 or its subparts and, on that basis, denies them.

88.     Paragraph 88 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 88 and, on that basis, denies them.

89.     Paragraph 89 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 89 and, on that basis, denies them.

90.     Paragraph 90 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 90 and, on that basis, denies them.

91.     Paragraph 91 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 91 and, on that basis, denies them.

92.     G6 admits that its employees have internally discussed the topic of sex trafficking in the hospitality industry after October 2012.  G6 denies that it existed prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 92.

93.     G6 admits that the Polaris publication cited in paragraph 93 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 93 as they pertain to

G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 93 as they pertain to Marriott and, on that basis, denies them.

94.     G6 denies all of the allegations of paragraph 94.

95.     G6 admits the article cited in paragraph 95 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 95 and, on that basis, denies them.

96.     G6 admits the article cited in paragraph 96 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 96 and, on that basis, denies them.

97.     G6 admits that the material quoted in paragraph 97 appears in a purported review on tripadvisor.com, which is a document that speaks for itself.  G6 lacks sufficient knowledge or information to form a belief as to the authenticity of the review or the truth of any matters purportedly asserted therein, and on that basis denies them.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 97.

   a. G6 admits that the article cited in paragraph 97(a) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(a) and, on that basis, denies them.

   b. G6 admits that the article cited in paragraph 97(b) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(b) and, on that basis, denies them.

   c. G6 admits that the article cited in paragraph 97(c) is a document that speaks for itself.  G6 denies any characterization of such document that is

inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(c) and, on that basis, denies them.

d. G6 admits that the article cited in paragraph 97(d) is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(d) and, on that basis, denies them.

e. G6 admits that the article cited in paragraph 97(e) is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(e) and, on that basis, denies them.

f. G6 admits that the article cited in paragraph 97(f) is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(f) and, on that basis, denies them.

g. G6 admits that the article cited in paragraph 97(g) is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(g) and, on that basis, denies them.

h. G6 admits that the article cited in paragraph 97(h) is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(h) and, on that basis, denies them.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i.  G6 admits that the article cited in paragraph 97(i) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(i) and, on that basis, denies them.

j.  G6 admits that the article cited in paragraph 97(j) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(j) and, on that basis, denies them.

k.  G6 admits that the article cited in paragraph 97(k) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(k) and, on that basis, denies them.

l.  G6 admits that the article cited in paragraph 97(l) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(l) and, on that basis, denies them.

m. G6 admits that the article cited in paragraph 97(m) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(m) and, on that basis, denies them.

n.  G6 admits that the article cited in paragraph 97(n) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1   sufficient direct knowledge or information to form a belief as to the truth of

2   the allegations in paragraph 97(n) and, on that basis, denies them.

3       o.  G6 admits that the article cited in paragraph 97(o) is a document that speaks

4           for itself.   G6 denies any characterization of such document that is

5           inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

6           sufficient direct knowledge or information to form a belief as to the truth of

7           the allegations in paragraph 97(o) and, on that basis, denies them.

8       p.  G6 admits that the article cited in paragraph 97(p) is a document that speaks

9           for itself.   G6 denies any characterization of such document that is

10          inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

11          sufficient direct knowledge or information to form a belief as to the truth of

12          the allegations in paragraph 97(p) and, on that basis, denies them.

13      q.  G6 admits that the article cited in paragraph 97(q) is a document that speaks

14          for itself.   G6 denies any characterization of such document that is

15          inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

16          sufficient direct knowledge or information to form a belief as to the truth of

17          the allegations in paragraph 97(q) and, on that basis, denies them.

18      r.  G6 admits that the article cited in paragraph 97(r) is a document that speaks

19          for itself.   G6 denies any characterization of such document that is

20          inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

21          sufficient direct knowledge or information to form a belief as to the truth of

22          the allegations in paragraph 97(r) and, on that basis, denies them.

23      s.  G6 admits that the article cited in paragraph 97(s) is a document that speaks

24          for itself.   G6 denies any characterization of such document that is

25          inconsistent therewith.  Except as expressly admitted or denied, G6 lacks

26          sufficient direct knowledge or information to form a belief as to the truth of

27          the allegations in paragraph 97(s) and, on that basis, denies them.

28

t.   G6 admits that the article cited in paragraph 97(t) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(t) and, on that basis, denies them.

u.   G6 admits that the article cited in paragraph 97(u) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(u) and, on that basis, denies them.

v.   G6 admits that the article cited in paragraph 97(v) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(v) and, on that basis, denies them.

w.   G6 admits that the article cited in paragraph 97(w) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(w) and, on that basis, denies them.

x.   G6 admits that the article cited in paragraph 97(x) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(x) and, on that basis, denies them.

y.   G6 admits that the article cited in paragraph 97(y) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(y) and, on that basis, denies them.

z.  G6 admits that the article cited in paragraph 97(z) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(z) and, on that basis, denies them.

aa. G6 admits that the article cited in paragraph 97(aa) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(aa) and, on that basis, denies them.

bb. G6 admits that the article cited in paragraph 97(bb) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(bb) and, on that basis, denies them.

cc. G6 admits that the article cited in paragraph 97(cc) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(cc) and, on that basis, denies them.

dd. G6 admits that the article cited in paragraph 97(dd) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(dd) and, on that basis, denies them.

G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1      ee. G6 admits that the article cited in paragraph 97(ee) is a document that speaks

2            for itself.   G6 denies any characterization of such document that is

3            inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

4            sufficient direct knowledge or information to form a belief as to the truth of

5            the allegations in paragraph 97(ee) and, on that basis, denies them.

6      ff. G6 admits that the article cited in paragraph 97(ff) is a document that speaks

7            for itself.   G6 denies any characterization of such document that is

8            inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

9            sufficient direct knowledge or information to form a belief as to the truth of

10           the allegations in paragraph 97(ff) and, on that basis, denies them.

11     gg. G6 admits that the article cited in paragraph 97(gg) is a document that speaks

12           for itself.   G6 denies any characterization of such document that is

13           inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

14           sufficient direct knowledge or information to form a belief as to the truth of

15           the allegations in paragraph 97(gg) and, on that basis, denies them.

16     hh. G6 admits that the article cited in paragraph 97(hh) is a document that speaks

17           for itself.   G6 denies any characterization of such document that is

18           inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

19           sufficient direct knowledge or information to form a belief as to the truth of

20           the allegations in paragraph 97(hh) and, on that basis, denies them.

21     ii. G6 admits that the article cited in paragraph 97(ii) is a document that speaks

22           for itself.   G6 denies any characterization of such document that is

23           inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

24           sufficient direct knowledge or information to form a belief as to the truth of

25           the allegations in paragraph 97(ii) and, on that basis, denies them.

26     jj. G6 admits that the article cited in paragraph 97(jj) is a document that speaks

27           for itself.   G6 denies any characterization of such document that is

28           inconsistent therewith.   Except as expressly admitted or denied, G6 lacks

sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(jj) and, on that basis, denies them.

kk. G6 admits that the article cited in paragraph 97(kk) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(kk) and, on that basis, denies them.

ll.   G6 admits that the article cited in paragraph 97(ll) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(ll) and, on that basis, denies them.

mm.      G6 admits that the article cited in paragraph 97(mm) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(mm) and, on that basis, denies them.

nn. G6 admits that the article cited in paragraph 97(nn) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 97(nn).

oo. G6 admits that the article cited in paragraph 97(oo) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(oo) and, on that basis, denies them.

pp. G6 admits that the article cited in paragraph 97(pp) is a document that speaks for itself.   G6 denies any characterization of such document that is

inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(pp) and, on that basis, denies them.

qq. G6 admits that the article cited in paragraph 97(qq) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(qq) and, on that basis, denies them.

rr. G6 admits that the article cited in paragraph 97(rr) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 97(rr).

ss. G6 admits that the article cited in paragraph 97(ss) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(ss) and, on that basis, denies them.

tt. G6 admits that the article cited in paragraph 97(tt) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(tt) and, on that basis, denies them.

uu. G6 admits that the article cited in paragraph 97(uu) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(uu) and, on that basis, denies them.

vv. G6 admits that the article cited in paragraph 97(vv) is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 97(vv) and, on that basis, denies them.

ww.      G6 admits that the article cited in paragraph 97(ww) is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 97(ww).

98.      G6 admits that the press release cited in paragraph 98 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 98.

99.      G6 admits that the articles cited in paragraph 99 and its subparts are documents that speak for themselves.   G6 denies any characterization of such documents that is inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 99 or its subparts and, on that basis, denies them.

100.      G6 denies the allegations of paragraph 100.

101.      G6 denies all of the allegations of paragraph 101.

a.   G6 admits that the online review quoted in paragraph 101(a) is a document that speaks for itself. G6 lacks sufficient information to form a belief as to the authenticity of the review or the truth of its contents and, on that basis, denies them. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 101(a).

102.      G6 admits that the online review quoted in paragraph 102 is a document that speaks for itself.  G6 lacks sufficient information to form a belief as to the authenticity of the review or the truth of its contents and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 102.

103.    Paragraph 103 consists of argument to which no response is required.  To the extent a response is required, G6 admits that it is generally aware that commercial sex transactions can be arranged over the internet.  Except as expressly admitted, G6 denies all of the allegations of paragraph 103 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 103 as they pertain to Marriott and, on that basis, denies them.

104.    G6 admits that it has publicly committed to following ECPAT-USA's Code of Conduct.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104 and, on that basis, denies them.

105.    G6 denies the allegations of paragraph 105.

106.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 106, which are unintelligible, and on that basis denies them.

107.    Paragraph 107 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 107 and, on that basis, denies them.

108.    Paragraph 108 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it has required all customer-facing G6 employees to take anti-human trafficking training and has publicly announced the same.  G6 further admits that its contractual relationships with the independent owners and operators of franchised Motel 6® properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 108.

109.    Paragraph 109 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109 and, on that basis, denies them.

110.    G6 admits that it has offered guests free basic internet service at the hotels G6 owns and operates since spring 2018.  Except as expressly admitted, G6 denies all of the allegations of paragraph 110 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 110 as they pertain to Marriott and, on that basis, denies them.

111.    G6 admits that all of the hotels it owns and operates are currently required to offer guests free basic wireless internet service.  G6 further admits that its contractual relationships with the third party owners of certain Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies any characterization of such documents or allegations that are inconsistent therewith.  G6 further denies that free internet service was required at any Motel 6® branded property prior to spring 2018.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 111 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 111 as they pertain to Marriott and, on that basis, denies them.

112.    G6 admits that its employees select the internet service providers used at the Motel 6® branded properties that it owns and operates.  G6 denies that it has ever provided internet access, or has had any control over the selection of internet providers, at Motel 6® branded properties owned and operated by third party franchisees.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 112 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 112 as they pertain to Marriott and, on that basis, denies them.

113.    Paragraph 113 consists of allegations that are unintelligible and to which no response is required.  To the extent a response is required, G6 admits that since 2012, G6 has had access to certain high-level data concerning aggregate use of internet service provided at each Motel 6® branded hotel owned and operated by G6, which G6 utilized to assess the amount of bandwidth needed at each such property.  This data included IP addresses associated with devices used to connect to the internet.  G6 denies that it currently has or has ever had access to any data pertaining

to guest internet usage at Motel 6® branded properties owned and operated by third party franchisees. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 113 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 113 as they pertain to Marriott and, on that basis, denies them.

114. G6 admits that it makes wireless internet service available to registered guests in their rooms and in indoor common areas at the Motel 6® branded properties that it owns and operates. G6 denies that it provides any internet service at Motel 6® branded properties owned and operated by third party franchisees. G6 further denies that any of the networks it makes accessible to registered guests at the properties it owns and operates are publicly accessible. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 114 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 114 as they pertain to Marriott and, on that basis, denies them.

115. G6 admits since 2012, G6 has had access to certain high-level data concerning aggregate use of internet service provided at each Motel 6® branded hotel owned and operated by G6, which G6 utilized to assess the amount of bandwidth needed at each such property. This data included IP addresses associated with devices used to connect to the internet. G6 denies that it has ever had access to any data relating to guest internet usage at Motel 6® branded properties owned and operated by third party franchisees. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 115 and its subparts as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 115 as they pertain to Marriott and, on that basis, denies them.

116. G6 admits that the quoted material is an excerpt from the High Speed Internet Terms and Conditions that G6 implemented at the Motel 6® branded hotels that it owns and operates since approximately 2017, which is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith, and further denies that the document was in use at any time relevant to Plaintiff's Second Amended Complaint. G6 further admits that the cited sentence states, in full, that Motel 6 has the right, "but not the obligation," to conduct any of the quoted activities. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 116.

117.    Paragraph 117 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 117 and, on that basis, denies them.

118.    G6 admits that the policies currently applicable to Motel 6® branded properties that it owns and operates require guests to agree not to use hotel internet access for any unlawful purposes.   Except as expressly admitted, G6 denies all of the allegations of paragraph 118 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 118 as they pertain to Marriott and, on that basis, denies them.

119.    G6 admits that the quoted material is an excerpt from the High Speed Internet Terms and Conditions that G6 has implemented at the Motel 6® branded hotels that it owns and operates since approximately 2017, which is a document that speaks for itself.   G6 denies any characterization of such document that is inconsistent therewith, and further denies that the document was in use at any time relevant to Plaintiff's Second Amended Complaint.   Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 119.

120.    Paragraph 120 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120 and, on that basis, denies them.

121.    Paragraph 121 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121 and, on that basis, denies them.

122.    Paragraph 122 consists of conclusions of law and legal argument to which no response is required.   To the extent a response is required, G6 admits that it has not monitored the specific websites visited by individual guests using an internet connection provided at any Motel 6® branded hotel.   Except as expressly admitted, G6 denies all of the allegations of paragraph 122

as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 122 as they pertain to Marriott and, on that basis, denies them.

123.    Paragraph 123 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies the allegations of paragraph 123 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123 as they pertain to Marriott and, on that basis, denies them.

124.    G6 denies all of the allegations of paragraph 124 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 124 as they pertain to Marriott and, on that basis, denies them.

125.    Paragraph 125 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 125 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 125 as they pertain to Marriott and, on that basis, denies them.

126.    Paragraph 126 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 126 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 126 as they pertain to Marriott and, on that basis, denies them.

127.    Paragraph 127 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 127 and, on that basis, denies them.

128.    Paragraph 128 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 128 and, on that basis, denies them.

129.    Paragraph 129 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 129 and, on that basis, denies them.

130.    Paragraph 130 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 130 and, on that basis, denies them.

131.    Paragraph 131 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 131 or its subparts and, on that basis, denies them.

132.    Paragraph 132 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 132 and, on that basis, denies them.

133.    G6 admits that it has owned and operated the Motel 6 Oakland Airport since October 2012.  Except as expressly admitted, G6 denies all of the allegations of paragraph 133.

134.    G6 denies all of the allegations of paragraph 134.

135.    Paragraph 135 consists of conclusions of law and legal arguments to which no response is required.   To the extent a response is required, G6 denies all of the allegations of paragraph 135.

136.    G6 denies all of the allegations of paragraph 136.

137.    Paragraph 137 consists of conclusions of law and legal argument to which no response is required.   To the extent a response is required, G6 denies all of the allegations of paragraph 137.

138.    Paragraph 138 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it has provided the training

and education alleged in paragraph 138 to Motel 6® branded properties and that such training is required of all customer-facing G6 employees.  G6 further admits that its contractual relationship with the third party owner-operators of certain Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements that speak for themselves, and G6 denies all allegations inconsistent therewith.  G6 further denies that it owned or controlled the Motel 6® brand or the Motel 6 Oakland Airport at any point prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 138 and its subparts.

139.   Paragraph 139 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the article quoted in paragraph 139 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 139.

140.   G6 admits that the article cited in paragraph 140 is a document that speaks for itself. G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 140.

141.   Paragraph 141 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 141 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 141 as they pertain to Marriott and, on that basis, denies them.

142.   Paragraph 142 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was not, at any time relevant to the Second Amended Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 142 also consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 142 as they

pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142 as they pertain to any other hospitality companies and, on that basis, denies them.

143.    Paragraph 143 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was not, at any time relevant to the Second Amended Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 143 also consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 143 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143 as they pertain to any other hospitality companies and, on that basis, denies them.

144.    Paragraph 144 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was not, at any time relevant to the Second Amended Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 144 also consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that the article cited in paragraph 144 is a document that speaks for itself, and denies any characterization of such document that are inconsistent therewith.  G6 further admits that some Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 144 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 144 as they pertain to any other hospitality companies and, on that basis, denies them.

145.     Paragraph 145 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was not, at any time relevant to the Second Amended Complaint, a franchised location, and G6 is not, itself, a "brand." Paragraph 145 also consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 145 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 145 as they pertain to any other hospitality companies and, on that basis, denies them.

146.     Paragraph 146 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Oakland Airport is not and was not, at any time relevant to the Second Amended Complaint, a franchised location, and G6 is not, itself, a "brand." Paragraph 146 also consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 146 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 146 as they pertain to any other hospitality companies and, on that basis, denies them.

147.     Paragraph 147 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 147 and, on that basis, denies them.

148.    Paragraph 148 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 148 and, on that basis, denies them.

149.    Paragraph 149 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 149 and, on that basis, denies them.

150.    Paragraph 150 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 150 and, on that basis, denies them.

151.    Paragraph 151 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 151 and, on that basis, denies them.

152.    Paragraph 152 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 152 and, on that basis, denies them.

153.    Paragraph 153 consists of allegations directed towards Marriott to which no response by G6 is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 153 and, on that basis, denies them.

154.    Paragraph 154 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 154 or its subparts and, on that basis, denies them.

155.    Paragraph 155 and its subpart consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 155 or its subpart and, on that basis, denies them.

156.    Paragraph 156 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 156 or its subparts and, on that basis, denies them.

157.    Paragraph 157 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 157 or its subparts and, on that basis, denies them.

158.    Paragraph 158 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 158 and, on that basis, denies them.

159.    Paragraph 159 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 159 and, on that basis, denies them.

160.    Paragraph 160 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 160 and, on that basis, denies them.

161.    Paragraph 161 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 161 and, on that basis, denies them.

162.     Paragraph 162 and its subparts consist of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 162 or its subparts and, on that basis, denies them.

163.     Paragraph 163 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 163 and, on that basis, denies them.

164.     Paragraph 164 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 164 and, on that basis, denies them.

165.     Paragraph 165 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 165 and, on that basis, denies them.

166.     Paragraph 166 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 166 and, on that basis, denies them.

167.     Paragraph 167 consists of allegations directed towards Marriott to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 167 and, on that basis, denies them.

168.     G6 admits that it has owned and operated the Motel 6 Oakland Airport since October 2012.  Except as expressly admitted, G6 denies all of the allegations of paragraph 168.

169.   G6 admits that it has owned, operated, and established policies for the Motel 6 Oakland Airport since October 2012, including anti-trafficking policies.   Except as expressly admitted, G6 denies all of the allegations of paragraph 169.

170.   G6 admits that the quoted material appears on G6's website, which is a document that speaks for itself.  G6 denies any allegations inconsistent with such document.  G6 further admits that it has provided anti-trafficking training and policies to all customer-facing G6 and franchise employees.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 170.

171.   G6 denies all of the allegations of paragraph 171.

172.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 172 and, on that basis, denies them.

173.   Paragraph 173 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it has owned and operated the Motel 6 Oakland Airport since October 2012.  Except as expressly admitted, G6 denies all of the allegations of paragraph 173.

174.   Paragraph 174 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 174.

175.   Paragraph 175 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 175.

176.   Paragraph 176 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it has provided the training and education alleged in paragraph 176 to all Motel 6® branded properties.  G6 further admits that its contractual relationships with the third party owner-operators of certain Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements that speak for themselves, and G6 denies all allegations that are inconsistent therewith. G6 further denies that it owned or controlled the Motel 6® brand or the Motel 6 Oakland Airport at

any point prior to October 2012.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 176 and its subparts.

177.   Paragraph 177 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 177.

178.   Paragraph 178 and its subparts consist of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that its contractual relationships with the third party owner-operators of certain Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies any characterizations of such documents, and any allegations, that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 178 and its subparts.

179.   Paragraph 179 and its subpart consist of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that its contractual relationships with the third party owner-operators of certain Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies any characterizations of such documents, and any allegations, that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 179 and its subpart.

180.   Paragraph 180 and its subparts consist of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that it has owned and operated the Motel 6 Oakland Airport since 2012.  G6 further admits that its contractual relationships with the third party owner-operators of certain Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies any characterizations of such documents, and any allegations, that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 180 and its subparts.

181.   Paragraph 181 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 181.

182.   Paragraph 182 and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 182 and its subparts.

183.   G6 admits that its contractual relationships with the third party owner-operators of certain Motel 6® branded properties not at issue in Plaintiff's Second Amended Complaint are governed by franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies any characterization of such documents, and all allegations, that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations of paragraph 183.

184.   G6 denies all of the allegations of paragraph 184.

185.   G6 denies all of the allegations of paragraph 185.

186.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 186 and, on that basis, denies them.

187.   Paragraph 187 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 187.

188.   Paragraph 188 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that the duties of hotel operators are set forth in statutes and legal opinions that speak for themselves, and G6 denies any characterizations of such documents that are inconsistent therewith.   G6 further admits that the undergraduate student thesis quoted in paragraph 188 is a document that speaks for itself.  G6 denies any characterization of such document that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 188 as they pertain to G6.  G6 lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 188 as they pertain to any other hospitality companies and, on that basis, denies them.

189.     Paragraph 189 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 189 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 189 as they pertain to Marriott and, on that basis, denies them.

190.     Paragraph 190 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 190 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 190 as they pertain to Marriott and, on that basis, denies them.

191.     Paragraph 190 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 191 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 191 and, on that basis, denies them.

192.     Paragraph 192 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 192 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 192 and, on that basis, denies them.

193.     G6 denies all of the allegations of paragraph 193 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 193 as they pertain to Marriott and, on that basis, denies them.

194.     G6 denies all of the allegations of paragraph 194 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 194 as they pertain to Marriott and, on that basis, denies them.

195.    G6 denies all of the allegations of paragraph 195 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 195 as they pertain to Marriott and, on that basis, denies them.

196.    G6 denies all of the allegations of paragraph 196 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 196 as they pertain to Marriott and, on that basis, denies them.

197.    G6 denies all of the allegations of paragraph 197 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 197 as they pertain to Marriott and, on that basis, denies them.

198.    G6 denies all of the allegations of paragraph 198 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 198 or its subparts as they pertain to Marriott and, on that basis, denies them.

199.    Paragraph 199 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 199 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 199 as they pertain to Marriott and, on that basis, denies them.

200.    Paragraph 200 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 200 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 200 as they pertain to Marriott and, on that basis, denies them.

201.    Paragraph 201 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 201 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 201 as they pertain to Marriott and, on that basis, denies them.

202.    Paragraph 202 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 202 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 202 and, on that basis, denies them.

203.    Paragraph 203 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 203 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 203 as they pertain to Marriott and, on that basis, denies them.

204.    G6 denies all of the allegations of paragraph 204 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 204 or its subparts as they pertain to Marriott and, on that basis, denies them.

205.    G6 denies all of the allegations of paragraph 205 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 205 as they pertain to Marriott and, on that basis, denies them.

206.    G6 denies all of the allegations of paragraph 206 as they pertain to G6.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 206 as they pertain to Marriott and, on that basis, denies them.

207.    Paragraph 207 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 207 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 207 as they pertain to Marriott and, on that basis, denies them.

208.    G6 denies all of the allegations of paragraph 208 as they pertain to G6.   Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 208 and, on that basis, denies them.

209.    Paragraph 209 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 209 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 209 and, on that basis, denies them.

## CAUSES OF ACTION

### A.    COUNT ONE – 18 U.S.C. §1595 ("TVPRA")

210.    G6 restates and incorporates by reference its responses to paragraphs 1 through 209 as though fully set forth herein.

211.    Paragraph 211 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 211 and, on that basis, denies them.

212.    Paragraph 212 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. 1595 is a federal statute that speaks for itself, and denies any characterization of such statute that is inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 212 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 212 as they pertain to Marriott and, on that basis, denies them.

213.    Paragraph 213 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 213 as they pertain to G6.  G6 lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 213 as they pertain to Marriott and, on that basis, denies them.

214.    Paragraph 214 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 214 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 214 and, on that basis, denies them.

**B.     COUNT TWO – CAL. CIV. CODE 52.5**

215.     G6 restates and incorporates by reference each of its responses to paragraphs 1 through 214 as though fully set forth herein.

216.     Paragraph 216 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 216 and, on that basis, denies them.

217.     Paragraph 217 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 217 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 217 as they pertain to Marriott and, on that basis, denies them.

218.     Paragraph 218 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 218 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 218 as they pertain to Marriott and, on that basis, denies them.

219.     Paragraph 219 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 219 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 219 and, on that basis, denies them.

220.     Paragraph 220 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 220 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 220 as they pertain to Marriott and, on that basis, denies them.

## PRAYER FOR RELIEF

G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

\*       \*       \*

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1.      The Second Amended Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Superseding or Intervening Acts)

2.      The Second Amended Complaint, and each cause of action set forth therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the superseding and/or intervening acts of parties over whom G6 had no right of control.

### Third Affirmative Defense

(Fault of Third Parties/Apportionment of Fault)

3.      The Second Amended Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than G6, including other parties in this case and/or third parties such as Plaintiff's alleged trafficker, under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, and/or comparative fault, including, without limitation, as codified at California Civil Code § 1431.2.

### Fourth Affirmative Defense

(Statutes Vague and Ambiguous)

4.      The Second Amended Complaint, and each cause of action asserted therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

**Fifth Affirmative Defense**

(Failure to Mitigate Damages)

5.     The Second Amended Complaint, and each cause of action asserted therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

**Sixth Affirmative Defense**

(Pre-Enactment Activity)

6.     The Second Amended Complaint, and each cause of action asserted therein, is barred in whole or in part to the extent the alleged conduct took place before the statute sued upon was enacted.

**Seventh Affirmative Defense**

(No Vicarious Liability)

7.     The Second Amended Complaint, and each cause of action asserted therein, is barred in whole or in part because, to the extent G6's employees committed any of the alleged acts or omissions, it was outside the scope of authority conferred by G6 and not ratified by G6.

**Eighth Affirmative Defense**

(Statute of Limitations)

8.     The Second Amended Complaint, and each cause of action asserted therein, is barred in whole or in part by the applicable statutes of limitations.

**Ninth Affirmative Defense**

(No Malice, Oppression, or Fraud)

9.     The Second Amended Complaint, and each cause of action set forth therein, fails to establish that any officer, director, or managing agent of G6 acted with malice, oppression, or fraud, or directed, knew, or approved of an employee's malice, oppression, fraud, or duress as required to justify the imposition of punitive damages under California Civil Code sections 3294 or 52.5(b).

1

2
**Tenth Affirmative Defense**

3
(No Intentional or Outrageous Conduct)

4
10.     The Second Amended Complaint, and each cause of action set forth therein, fails to

5
establish that G6 acted with intentional and outrageous conduct, as required to justify the

6
imposition of punitive damages under federal common law.

7
**Eleventh Affirmative Defense**

8
(No Liability Prior to Existence)

9
11.     The Second Amended Complaint, and each cause of action set forth therein, is

10
barred in whole or in part because G6 was not in existence during part or all of the time period of

11
the incidents alleged in the Complaint, and therefore is not responsible or liable for any conduct

12
that occurred prior to its existence, including but not limited to any liability as a successor entity.

13
**Twelfth Affirmative Defense**

14
(Laches)

15
12.     The Second Amended Complaint, and each cause of action asserted therein, is

16
barred in whole or in part by the doctrine of laches.

17
**Thirteenth Affirmative Defense**

18
(Injunctive Relief Unavailable)

19
13.     Plaintiff's request for mandatory injunctive relief is barred in whole or in part

20
because (1) to the extent Plaintiff is entitled to any relief at all, she has an adequate remedy at law,

21
and (2) the injunction requested is unenforceable and/or would require the constant supervision of

22
the Court.

23
**Fourteenth Affirmative Defense**

24
(Reservation)

25
14.     G6 expressly reserves the right to amend this Answer to add, delete, or modify

26
affirmative defenses based on legal theories, facts, and circumstances which may be developed

27
through discovery or further legal analysis of Plaintiff's claims.

28

-49-
G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, G6 prays for judgment as follows:

1.      That Plaintiff's Second Amended Complaint be dismissed with prejudice;

2.      That Plaintiff take nothing by her Second Amended Complaint;

3.      That judgment be rendered in G6's favor;

4.      That G6 be awarded all costs of suit incurred herein; and

5.      That the Court award such other and further relief as it deems just and proper.

Dated:  July 16, 2020                                    DLA PIPER LLP (US)


                                                            By: */s/ Angela C. Agrusa*
                                                                 _____
                                                                 Angela C. Agrusa
                                                                 Shannon E. Dudic
                                                                 Alexis N. Burgess
                                                                 Attorneys for Defendant
                                                                 G6 HOSPITALITY LLC

G6 HOSPITALITY LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT