UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.R.,<br><br>        Plaintiff,<br><br>        v.<br><br>G6 HOSPITALITY, LLC, et al.,<br><br>        Defendants. | Case No. 19-cv-08252-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 56 |

      Marriott International's motion to dismiss K.R.'s second amended complaint is granted for failure to allege any facts supporting the theory of successor liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under the doctrine of successor liability, a company may step into the shoes of a predecessor company and become "liabl[e] for a predecessor's actions." *CenterPoint Energy, Inc. v. Superior Court*, 157 Cal. App. 4th 1101, 1120 (Cal. Ct. App. 2007). By its very nature, successor liability thus depends on the actions of the predecessor company—not the successor—and it is these actions that form the factual basis for successor liability claims. The complaint itself purports to recognize this distinction. *See* Second Amended Compl. ¶ 11(a) (Dkt. 54) ("Defendant Marriott is the successor entity to Starwood Hotels and Resorts Worldwide, Inc. and retains successor liability *for the wrongful acts of the predecessor*.") (emphasis added).

      And yet, the complaint fails to include any allegations relating to the actions of Marriott's predecessor, which owned the Westin hotel during the dates the alleged trafficking took place. The complaint merely alleges that Marriott "is the successor entity to Starwood Hotels . . . and retains successor liability," and that Starwood became a "wholly owned subsidiary of Marriott" in 2016, when the alleged trafficking ended. Second Amended Compl. ¶¶ 11(a)-(b), 28 (Dkt. 54).

The complaint then proceeds to include a host of factual allegations about Marriott's actions during the years the alleged trafficking occurred. *See id.* ¶¶ 11(e) – 11(l), 34, 67, 72-73, 76-80, 82-91, 127-132, 147-167, 189-209. Notably missing is even a single allegation about Starwood's actions during that same period. *See id*. It is obvious that a complaint which by its very terms hinges Marriott's liability on the wrongful acts of Starwood and yet fails to include any allegations about Starwood does not state a claim for relief.

Plaintiff's claims against Marriott under California Civil Code section 52.5 are dismissed for an additional reason. Section 52.5 allows victims to seek damages for violations of California Penal Code section 236.1, which in turn requires a showing of an "intent to obtain forced labor or services." Marriott and the Court alerted the plaintiff to her failure to allege intent in her last complaint, and she has not fixed the problem. *Compare* Amended Compl. ¶¶ 146-151 (Dkt. 24) *with* Second Amended Compl. ¶¶ 215-220 (Dkt. 54). In fact, the plaintiff continues to copy the allegations she uses to allege a claim under the TVPRA, without recognizing that the state statute has entire different elements. Moreover, her opposition to Marriott's motion to dismiss does not address Marriott's arguments relating to section 52.5, thus conceding the issue. *See Ray v. Contra Costa County*, 2015 WL 5698743, at *3 n.7 (N.D. Cal. Sept. 29, 2015).

Dismissal of the section 52.5 claim is with prejudice. Candidly, Marriott has a reasonable argument that the TVPRA claim should be dismissed with prejudice as well. Counsel for the plaintiff has been on notice of the issue relating to successor liability since at least the hearing on the previous motion to dismiss, but they disregarded it entirely, resulting in a complete waste of time and money for themselves and the opposing side. Nonetheless, to avoid penalizing the plaintiff for the deficient performance of her counsel, she will be given another opportunity to amend her complaint.

And although the failure to allege successor liability is dispositive with respect to this motion, counsel should carefully examine Marriott's remaining arguments for dismissal—including its argument that general knowledge about the problem of sex trafficking in budget hotels is not enough on its own to state a claim under the TVPRA and that, at a minimum, a

2

plaintiff must allege a parent company's awareness of ongoing problems at a particular hotel. *See S.J. v. Choice Hotels International*, 2020 WL 4059569, at *4-5 (E.D.N.Y. July 20, 2020). Counsel should be sure to address any additional shortcomings in the next iteration of the complaint.

Any amended complaint must be filed within 21 days of this order. Responses are due 21 days after the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: September 23, 2020

_____
VINCE CHHABRIA
United States District Judge