UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.R., <br><br> Plaintiff, <br><br> v. <br><br> G6 HOSPITALITY, LLC, <br><br> Defendant. | Case No. 19-cv-08252-VC <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION FOR PROTECTIVE ORDER; IMPOSING INTERIM PROTECTIVE ORDER** <br><br> Re: Dkt. No. 83 |

Through her proposed protective order, the plaintiff seeks to impose severe restrictions on the defendant's ability to investigate and litigate this case. Deciding whether these restrictions are warranted requires balancing the plaintiff's privacy interests and safety concerns against the prejudice to the defendant and the public's interest in the case. *See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002); *see also Doe v. JBF RAK LLC*, 2014 WL 5286512, at *3-4 (D. Nev. Oct. 15, 2014). But the plaintiff has provided the Court with virtually no facts about herself, her trafficker(s), or their relationship to allow this balancing to be conducted in a meaningful way. The motion for a protective order is thus denied without prejudice to filing a renewed motion within 28 days of this order. The plaintiff is welcome to follow the local procedures for filing this renewed motion under seal if she believes it contains information that should not be publicly accessible. *See* Civil Local Rule 79-5.

In the interim, the plaintiff must disclose to the defendant her identity and the identity of her traffickers, subject to the following interim protective order. This interim protective order will remain in place until the Court rules on the renewed motion.

INTERIM PROTECTIVE ORDER

  1. Within 2 business days of this order, the plaintiff shall provide the defendant with (1) her full name, maiden name, alias names used at any time, and date of birth ("the plaintiff's true identity"); and (2) the plaintiff's trafficker(s) and any of the trafficker(s) known affiliate's full names, maiden names, alias names used at any time, and dates of birth ("Traffickers' true identity"). Disclosures will be made to the extent they are known to or recalled by the plaintiff. If the identity of the plaintiff's trafficker(s) or any of the trafficker(s) affiliate or any other details become known to the plaintiff after initial disclosure, the plaintiff will supplement her disclosures.

  2. The parties may begin serving requests for production of documents on one another immediately. No later than 14 days from this order, the parties must submit a stipulated proposed protective order governing documents, or competing ones if they cannot reach agreement. *See* Judge Chhabria's Standing Order for Civil Cases, ¶ 23.

  3. If they have not already done so, the parties must exchange initial disclosures within 14 days of this order.

  4. The plaintiff will proceed pseudonymously throughout the pre-trial course of these proceedings, unless it becomes clear that there is no longer a need to conceal her identity. The parties exclusively will reference the plaintiff through the pseudonym "K.R." or as "Plaintiff" in all public filings and in all public Court proceedings until the time of trial.

  5. The parties, as well as their agents, employees, representatives and assigns, shall keep the true identity of the plaintiff confidential during and after the conclusion of this matter. The parties may only disclose the plaintiff's true identity to the following:

    A. The parties to this litigation who have agreed to this protective order, including any employees, agents, and representatives of the parties to whom disclosure is necessary to litigate any claims or defenses. However, all employees, agents and representatives who are given the plaintiff's true identity information shall be

informed that the information is confidential and the party providing the information shall require the employee, agent and/or representative to whom the plaintiff's true identity is given to maintain that information as confidential consistent with the terms of this agreement;[1]

B. Counsel for the parties who have agreed to this protective order and employees, agents, and representatives of counsel to whom disclosure is necessary to litigate any claims or defenses. However, all employees, agents and representatives who are given the plaintiff's true identity information shall be informed that the information is confidential and the party providing the information shall require the employee, agent and/or representative to whom the plaintiff's true identity is given to maintain that information as confidential consistent with the terms of this agreement;

C. The Court, court personnel, and members of the jury;

D. Court reporters, recorders, and videographers engaged for depositions;

E. Any mediator appointed by the Court or jointly selected by the parties;

F. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation after signing the agreement to be bound by this protective order and to the extent reasonably necessary to assist counsel or for such experts to prepare a written opinion or prepare to testify. However, all employees, agents and representatives who are given the plaintiff's true identity information shall be informed that the information is confidential and the party providing the information shall require the employee, agent and/or representative to whom the plaintiff's true identity is given to maintain that information as confidential consistent with the terms of this agreement;

---

[1] Notwithstanding this provision, disclosure of the plaintiff's true identity is not allowed to any employees, agents, or representatives of the parties who are also identified by the plaintiff as a trafficker or a trafficker's affiliate.

G. Any custodian of records, but only to the extent that the plaintiff's true identity will assist the custodian in obtaining and producing records;

H. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

I. Government agencies and agency personnel, but only to the extent that the disclosure of the plaintiffs true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

J. Insurers, insurance advisors, and indemnitors for any of the parties. However, all such individuals who are given the plaintiff's true identity information shall be informed that the information is confidential and the party providing the information shall require those individuals to whom the plaintiff's true identity is given to maintain that information as confidential consistent with the terms of this agreement;

K. Persons to whom disclosure is compelled by this Court; and

L. Other persons or entities as needed to litigate any claims or defenses upon written agreement of the parties.

6. The defendant will not disclose the plaintiff's true identity or the trafficker's true identity except as provided for in paragraph 5, and will not contact the plaintiff's trafficker(s) or any of the trafficker(s) known affiliates.

7. All parties and any third parties appearing or submitting filings in this case are required to redact or file under seal the true identity and any identifying information (for example, full name, Social Security Number, date of birth, address, medical records number, legal case numbers) of the plaintiff in their filings with the Court. Permission need not be sought to redact this type of identifying information. (In other words, this information need not be filed "provisionally" under seal pursuant to Local Rule 79-5.)

**IT IS SO ORDERED.**

Dated: February 26, 2021

VINCE CHHABRIA
United States District Judge